THE NORTH SMITHFIELD VOLUNTEER FIRE DEPARTMENT *vs.* MELVIN A. KOLLET.

JUNE 21, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  This action of trespass and ejectment was tried before a justice of the superior court and resulted in a decision for the plaintiff for possession of certain premises in the town of North Smithfield. The case is here on defendant's exception to that decision.

Defendant originally held possession of the premises in question under a written and recorded lease from the Uxbridge Worsted Company, Inc., plaintiff's predecessor in title, for a term of five years beginning December 31, 1937 and ending December 31, 1942. It provided that the defendant make certain improvements on the premises to the value of $1000 and also pay $300 yearly rent at the rate of $25 each month in advance. During the term of the lease the above-mentioned improvements were made by the defendant; but he became in arrears in payments of the specified rent.

Thereupon, in January 1940, an oral agreement was made whereby the lessor could buy gasoline from the defendant at a price equal to the wholesale price paid by lessor to its usual "bulk supplier", and credit the defendant's rent account therewith. The amounts of these purchases were billed to the lessor by the defendant at retail prices and after the appropriate discounts were taken the net amounts thereof were then credited to the defendant's rent account, as shown by the monthly statements that are in evidence.

The lessor, by letter dated August 20, 1942, notified the defendant that his tenancy would be terminated on December 31, 1942, the date of expiration fixed by the lease, and that the lease would not be renewed. On the latter date the defendant's arrears in rent had been paid and there was a small credit of $2.13 in his favor on the rent account; but nothing was then said or done about it by either lessor or defendant. The latter, however, continued in possession without any new contract or negotiations for one. There-

after no gasoline was purchased by the lessor and no rent was demanded by it or paid by the defendant.

Subsequently the lessor, by a quitclaim deed dated March 15, 1943, conveyed the premises to the plaintiff. Thereupon plaintiff's representatives called on the defendant and orally demanded that he surrender possession of the premises. Defendant did not then claim that his rent was paid for the balance of 1943, but he asked plaintiff to sell the premises to him. This request was refused by plaintiff and defendant then declared that he would not vacate the premises but would stay as long as he could. He continued in possession without any contract or other negotiations with the plaintiff and without any rent being demanded of or paid by him.

In June 1943 the plaintiff, without giving defendant any written notice to vacate the premises, brought the instant action, which included an allegation that the defendant had "suffered the stipulated rent for the same to be and remain due and in arrears for the period of fifteen days . . . ." On July 16, 1943 a decision for the plaintiff for possession and costs was entered in the district court whereupon the defendant gave bond under the statute and appealed to the superior court, where the decision now under review was entered.

The defendant contends that by holding over, after the expiration of his lease for a definite term of years, without a new contract and without any action being taken by the lessor against him as a trespasser, he became a tenant from year to year; that his rent was paid in full for at least a year following the expiration of the lease; and that he therefore was not in arrears of rent so as to justify the commencement of this action and the decision in question.

The plaintiff apparently now concedes the defendant's claim that he became, in the circumstances, a tenant from year to year; but it asserts that he was nevertheless in arrears in rent for over fifteen days at the time of the conveyance to the plaintiff and also at the time of the commencement of this action, thus justifying the action and decision.

Granting that there is evidence to support the defendant's contention that by holding over, after the expiration of the lease, he became, in the prevailing circumstances, a tenant from year to year under the Uxbridge Worsted Company, Inc., the decisive question is whether he was in arrears in rent for over fifteen days so as to justify the instant action and decision.

The defendant admits that he paid no rent after the expiration of the lease to either the Uxbridge Worsted Company, Inc., or to its grantee, this plaintiff. His contention that the rent was paid for another year is based solely on a claim under the oral agreement made by him with the lessor during the term of the lease. He argues, in substance and effect, that this agreement modified the terms of the lease; that certain discounts which he thereby agreed to allow to the lessor on its purchases of gasoline from him were legal when the agreement was made but became illegal after the enactment of P. L. 1940, chap. 822; and that if such alleged illegal discounts were now credited to his rent account the total thereof would more than equal the amount of rent due for a year following the expiration of the lease.

In our opinion, the instant case must be decided upon the strict law concerning the title to and possession of realty. There was no equitable plea filed and the rights, if any, of the defendant under such agreement are not material here. The agreement in question was never intended by the parties to act as a modification of the terms of the written and recorded lease; nor is it to be given that effect in law. It was oral and at most contemplated a merchandising account wholly independent of the lease. The agreement did not require the lessor to buy any gasoline from the defendant during the lease and in our opinion it did not modify the terms thereof.

Nor did such agreement contemplate that any credit for overpayment of rent, if any, during the term of the lease was to be applied against future rent that might become due under a tenancy which might or might not begin after

the written lease had expired. The lessor's notice to defendant that the lease would not be renewed and its failure to make any purchases of gasoline from him after December 31, 1942 are ample to rebut, if necessary, any such claim by the defendant. At most the agreement concerned mutual accounts during the term of the lease which by its terms expired on December 31, 1942.

In our opinion, the evidence supports the finding of the trial justice that the defendant, at the time when the original lessor conveyed the premises to the plaintiff, was in arrears of rent for over fifteen days. In such circumstances the lessor then had a right to reenter or to bring an action against defendant for the possession of these premises. G. L. 1938, chap. 454, §1. Further, all of the lessor's right of possession and right of entry or action were, by reason of G. L. 1938, chap. 435, §10, acquired by the plaintiff by virtue of the conveyance. At the time of the commencement of this action the defendant was in arrears of rent for over fifteen days not only to the original lessor but also to the plaintiff. Under these circumstances, we are of the opinion that the finding and decision of the trial justice are correct.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*John L. Curran,* for plaintiff.
*Irving I. Zimmerman,* for defendant.